UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| REGINALD ALLEN GREENWELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 1:06-CV-274 PS |
| | ) | |
| SHERIFF JIM HERMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Reginald Allen Greenwell, Jr., a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.  Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6).  *See Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief.  FED. R. CIV. P. 8(a)(2).  In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what

>would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Greenwell alleges that while he was a pre-trial detainee at the Allen County Jail, he reported an attempted escape. In response, he alleges that he was punished without due process by being placed on lock down for 60 days without notice or a hearing. A pre-trial detainee may not be punished without due process of law. *See Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979). A pre-trial detainee is entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539, 564-566 (1974), before the imposition of punishment for a disciplinary infraction. Nevertheless not every placement of a pre-trial detainee in segregation constitutes punishment, and the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995). Giving Greenwell the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim.

For the foregoing reasons, the Court:

(1) **GRANTS** Reginald Allen Greenwell, Jr. leave to proceed against Sheriff James Herman, Commander Stevens, and Corporal John Riechard in their individual capacities for monetary damages for a denial of due process in violation of the Fourteenth Amendment;

(2) **DIRECTS** the clerk to transmit the summons and USM-285 for Sheriff James Herman, Commander Stevens, and Corporal John Riechard to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sheriff James Herman, Commander Stevens, and Corporal John Riechard; and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sheriff James Herman, Commander Stevens, and Corporal John Riechard  respond, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule 10.1.

**SO ORDERED.**

ENTERED: October 3, 2006

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
