UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| REGINALD ALLEN GREENWELL, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERIFF JIM HERMANN, et.al., )<br>)<br>Defendants. ) | CAUSE NO. 1:06-CV-00274 |

## OPINION AND ORDER

Before the Court is a motion for appointment of counsel (Docket # 15) filed by *pro se* Plaintiff Reginald Allen Greenwell, Jr., in this case brought under 42 U.S.C. § 1983.  In response to his motion, the Court instructed Greenwell to submit a Questionnaire for Appointment of Counsel (Docket # 16), and informed him that among the factors the Court would consider, the Court would especially want to know whether he had attempted to secure counsel on his own. *Id.*

On his completed Questionnaire, filed May 8, 2007, Greenwell admits that he has not contacted *any* attorneys concerning his case. (*See* Questionnaire for Appointment of Counsel ¶ 6.)  His failure to meet this threshold requirement is fatal to his request for appointment of counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) ("In determining whether to appoint counsel for an indigent plaintiff . . ., a court must 'first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful . . . .'") (quoting *Jackson*, 953 F.2d at 1073)).

Greenwell's only response to his failure to even contact attorneys is that he is indigent

and incarcerated. (*See* Questionnaire for Appointment of Counsel ¶ 6.)  Indigency, of course, is not an impediment to at least contacting an attorney, and moreover, some attorneys will take worthy cases brought under § 1983 without the prepayment of a fee because, if the claim is successful, attorney fees are recoverable under 42 U.S.C. § 1988.

Although Greenwell suggests that being incarcerated prevents him from contacting attorneys, that certainly cannot be the case as the record reveals that he has had no difficulty contacting the Court through the mail.

Accordingly, since Greenwell has not made the necessary and minimal effort to secure counsel on his own, his motion for appointment of counsel (Docket # 15) is DENIED.

Enter for this 8th day of May, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge