UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **REGINALD ALLEN GREENWELL, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-00274 |
| ) | |
| **SHERIFF KENNETH FRIES, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Before the Court is a renewed motion for appointment of counsel (Docket # 41) filed on November 21, 2007, by *pro se* Plaintiff Reginald Allen Greenwell, Jr., in this case brought under 42 U.S.C. § 1983. This is Greenwell's fourth attempt to have the Court recruit counsel for him.

In response to his first motion to appoint counsel, the Court instructed Greenwell to submit a Questionnaire for Appointment of Counsel and informed him that among the factors the Court would consider, the Court would particularly want to know whether he had attempted to secure counsel on his own. (Docket # 16.) On his completed Questionnaire filed May 8, 2007, Greenwell admitted that he had not contacted *any* attorneys concerning his case. (*See* Questionnaire for Appointment of Counsel ¶ 6.) As the Court explained in its May 8, 2007, Order, Greenwell's failure to meet this threshold requirement was fatal to his request for appointment of counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) ("In determining whether to appoint counsel for

an indigent plaintiff . . ., a court must 'first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful . . . .'" (quoting *Jackson*, 953 F.2d at 1073)).  Undeterred, Greenwell submitted two subsequent requests for the appointment of counsel, all of which the Court considered and denied since they added nothing to his deficient questionnaire.

  Now, in his most recent request, Greenwell says that he has been writing lawyers for six months but that none have responded to his letters.  Deeming this effort as fulfilling the requirement of the Questionnaire, or perhaps a "reasonable effort to secure counsel" under *Jackson*, Greenwell asks the Court to appoint him counsel.  The problem we see with this request is that Greenwell does not tell us how many attorneys he attempted to contact, or when, or even their names.  We cannot deem this to be a "reasonable effort" or a fulfillment of the Questionnaire.  Accordingly, since Greenwell has not made the necessary and minimal effort to secure counsel on his own, his motion for appointment of counsel will be denied.

  Alternatively, Greenwell asks that the Court dismiss his case without prejudice in the event that his request for the appointment of counsel is denied.  Under Federal Rule of Civil Procedure 41(a)(2), the Court is not to dismiss an action at the request of the plaintiff except "upon such terms and conditions as the court deems proper."  Unless otherwise specified in the order, such a dismissal is without prejudice.  *Id*.  At this point, Defendants have not had an opportunity to state whether they oppose such a dismissal.  Furthermore, Greenwell is advised that the statute of limitations for cases brought under 42 U.S.C. § 1983 is two years, meaning that if his case is dismissed without prejudice, he would need to re-file it again before the two-year anniversary of the date of accrual of his cause of action. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (citing *Wilson v. Garcia*, 471 U.S. 261, 276- 280 (1985)).

Since it would appear that Greenwell has not fully considered the ramifications of any dismissal, the Court will deny his request. Of course, if the parties agree by stipulation to a dismissal without prejudice, no court order is necessary under Federal Rule of Civil Procedure 41(a)(1), and the case would be dismissed. If Greenwell submits another motion to dismiss under Rule 41(a)(2), the Court will set the matter for hearing and will then ascertain whether Defendants have an objection to a dismissal without prejudice.

Accordingly, Greenwell's request for the appointment of counsel (Docket # 41) and his alternative motion to dismiss without prejudice (Docket # 41) are each denied.

Enter for this 21st day of November, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge